UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
STARR L. ROBESON,                                                :
                                                                 :
                                        Plaintiff,               :      REPORT AND
                                                                 :      RECOMMENDATION
                -against-                                         :
                                                                 :      No. 23-CV-5472-NRM-JRC
KILOLO KIJAKAZI, Acting Commissioner of the                      :
Social Security Administration,                                  :
                                                                 :
                                        Defendant.               :
---------------------------------------------------------------------x

JAMES R. CHO, United States Magistrate Judge:

On July 19, 2023, plaintiff Starr L. Robeson ("plaintiff") commenced this action against

defendant seeking judicial review of a final decision of the Acting Commissioner of the Social

Security Administration ("the government" or "Commissioner") denying her request for Social

Security Disability Insurance ("SSDI") benefits.  *See* Compl., Dkt. 16.  In an order dated

February 20, 2024, the Honorable Nina R. Morrison approved the parties' stipulation and

remanded the case to the Social Security Administration ("SSA") for further administrative

proceedings.  *See* Order dated Feb. 20, 2024 ("Remand Order"); Judgment, Dkt. 12.  After

remand to the Social Security Administration, on May 22, 2025, plaintiff was approved for

benefits on her application.  Dkt. 16-2.

Currently pending before this Court, on referral from Judge Morrison, is an application

filed by plaintiff's counsel, Richard B. Seelig, for attorneys' fees pursuant to 42 U.S.C. § 406(b)

("section 406(b)") (the Social Security Act provision governing contingent-fee arrangements in

federal court actions).  *See* Mot. for Att'ys Fees, Dkt. 14.

For the reasons set forth below, the Court recommends that the District Court grant

plaintiff's motion, award attorneys' fees to plaintiff's counsel in the requested amount of

$27,011.25, and direct plaintiff's counsel to refund to plaintiff $6,868.25, the amount previously paid by the government under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## BACKGROUND

On or about August 6, 2019, plaintiff filed an application for SSDI benefits because she was and continues to be disabled as a result of various diseases and conditions. Compl. ¶ 6. On December 13, 2019, and upon reconsideration on October 7, 2020, the application for SSDI benefits was denied. *Id.* at ¶ 7. Following a telephone hearing held on February 18, 2021, and a video hearing on February 10, 2022, an administrative law judge ("ALJ") denied plaintiff's application on July 11, 2022. *Id.* at ¶¶ 8-9. The Appeals Council adopted the ALJ's decision and issued a final administrative decision on May 15, 2023. *Id.* at ¶ 11.

On May 31, 2023, plaintiff retained Seelig Law Offices, LLC to represent her in the instant action. *See* Retainer Agreement, Dkt. 16-1. Plaintiff agreed to pay counsel up to 25 percent of all past-due benefits. *See id.*

Subsequently, on July 19, 2023, plaintiff, through counsel, filed suit in this Court, seeking judicial review of the Commissioner's decision denying her application for SSDI benefits, pursuant to 42 U.S.C. § 405(g). *See* Dkt. 1. On February 20, 2024, the Court granted the parties' joint motion to remand this case to the Commissioner for further proceedings, pursuant to the fourth sentence of 42 U.S.C. § 405(g). *See* Remand Order; Joint Mot. to Remand, Dkt. 11. On April 30, 2024, the Court granted the parties' joint motion to award $6,868.25 in attorneys' fees under the EAJA. *See* Joint Mot. for Att'ys Fees, Dkt. 13; Order dated Apr. 30, 2024.

In Notice of Award letter dated May 22, 2025, the SSA advised plaintiff that she was due benefits in the amount of $81,033.75 and that the SSA had withheld $27,011.25 from plaintiff's

past due benefits to pay a potential attorney's fee request. *See* Notice of Award, Dkt. 16-2. On June 5, 2025, plaintiff's counsel filed the instant section 406(b) motion, seeking an award of fees in the amount of $27,011.25, which represents 25 percent of the award to be paid to plaintiff. *See* Dkt. 14. The government takes no position on the motion. *See* Resp. to Mot. at 1, Dkt. 17.

## DISCUSSION

**I.    Section 406(b) Attorneys' Fees**

Section 406(b) of the Social Security Act allows a court to award a "reasonable" contingent fee to counsel representing a successful claimant in a federal action but specifies that the fee may not exceed 25 percent of the total past-due benefits owed to the claimant. *See* 42 U.S.C. § 406(b)(1)(A). Unlike an EAJA award, the fee is paid out of, not in addition to, the past-due benefits. *See id.*; *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002). Section 406(b) permits any contingent-fee arrangement between the claimant and attorney, but sets the ceiling for any such agreement at 25 percent of the past-due benefits. *See Gisbrecht*, 535 U.S. at 800, 808-09. "[Section] 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807; *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) ("a reasonable fee").

A court's determination of whether fees requested under [s]ection 406(b) are reasonable should "begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Rubalskaya v. Comm'r of Soc. Sec.*, No. 23-CV-4625, 2025 WL 2074177, at *1 (E.D.N.Y. July 23, 2025) (quoting *Long v. Comm'r of Soc. Sec.*, No. 18-CV-1146, 2020 WL 6545904, at *2 (E.D.N.Y. Nov. 6, 2020); *see Wells*, 907 F.2d at 371. Courts in this Circuit assess the reasonableness of a fee award that falls within the 25 percent cap by considering the following factors: (1) whether

3

the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case. *See Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022); *Rubalskaya*, 2025 WL 2074177, at *1. In evaluating whether a fee award constitutes a windfall to counsel, the Second Circuit instructed courts to consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do"; (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 854-55.

## II.    Dual Recovery Under Section 406(b) and the EAJA

It is well established that counsel cannot receive fees under both statutes. *See Wells*, 855 F.2d at 42 ("dual fee applications are not improper as long as the lesser of any two amounts awarded goes to the attorney's client"). A court may award attorney's fees under both the EAJA and section 406(b), but the plaintiff's attorney "must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted); *see Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients.").

## III.    Reasonableness of Section 406(b) Fee Request

The Court next considers plaintiff's request for a contingency fee award in the amount of $27,011.25, which is greater than the $6,868.25 in attorney's fees awarded under the EAJA.

Here, plaintiff retained counsel pursuant to a 25 percent contingency fee agreement. Based on the language contained in both the Retainer Agreement and section 406(b), this Court finds the request of $27,011.25 is within the 25 percent limit based on the amount of retroactive benefits awarded to plaintiff ($81,033.75 + $27,011.25 = $108,045.00).

As an initial matter, plaintiff's counsel must file an application for attorneys' fees within the 14-day time limit set forth in Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure. *See Sinkler v. Berryhill*, 932 F.3d 83, 87-88 (2d Cir. 2019). Here, plaintiff's counsel timely filed the motion for fees on June 5, 2025 in response to the Notice of Award dated May 22, 2025.

The Court next considers the remaining factors relevant to its assessment of the reasonableness of a requested contingency fee under section 406(b). Here, counsel has represented plaintiff since the initial administrative level. *See* Pl. Mem. at 1, Dkt. 15. Further, counsel achieved a favorable result in the litigation, *i.e.*, a remand from the District Court, which then resulted in a favorable decision from the SSA in finding plaintiff entitled to retroactive SSDI benefits. Counsel performed substantive work on this case, including reviewing the administrative transcript, filing a motion for judgment on the pleadings, and conferring with counsel for the SSA to achieve an early, non-adversarial resolution of plaintiff's appeal. The record contains no suggestion that plaintiff's counsel engaged in fraud, overreaching, or was responsible for any unreasonable delays. Further, plaintiff's counsel's request for approval of fees totaling $27,011.25 for 28.7 hours of work (Dkt. 16-3) – reflecting an effective hourly rate of $941.16 – does not result in a windfall to plaintiff's counsel, and the amount of fees sought here appears reasonable. The associate who performed most of the work on the case is an experienced lawyer who specializes in Social Security disability cases. Aff. of Richard Seelig at ¶¶ 8-11, Dkt. 16. Further, the supervising attorney has more than 15 years of experience

practicing social security/disability law. *Id.* ¶ 12. In addition, the effective hourly rate requested here is below the hourly rate routinely awarded in this District in Social Security cases. *See, e.g., Rubalskaya*, 2025 WL 2074177, at *2 (de facto hourly rate of $979.70); *Milman v. O'Malley*, No. 24-CV-3780, 2025 WL 2432094, at *3 (E.D.N.Y. Aug. 23, 2025) (de facto hourly rate of $1,163.55); *Martinez v. Comm'r of Soc. Sec.*, No. 20-CV-4754, 2025 WL 2300110, at *3 (E.D.N.Y. Aug. 8, 2025) (effective hourly rate of $1,086.24); *Gentile v. Kijakazi*, No. 21-CV-641, 2023 WL 6392905, at *2 (E.D.N.Y May 3, 2023) (finding an hourly rate of $1,750 to be reasonable, relying on cases approving de facto hourly rates between $1,072.17 and $2,100).

Finally, plaintiff's counsel's efforts on behalf of plaintiff resulted in a favorable decision from the SSA regarding her eligibility status for past-due and future disability benefits, and plaintiff has not objected to the fee petition. *See Martinez*, 2025 WL 2300110, at *3; *Foster v. Comm'r of Soc. Sec.*, No. 19-CV-1743, 2023 WL 7924172, at *4 (E.D.N.Y. Nov. 16, 2023) (noting no justification for a downward adjustment where counsel achieved desired result and there was no evidence to suggest claimant dissatisfaction).

Based on the relevant considerations, the Court, in its substantial discretion, concludes that an award of $27,011.25 constitutes reasonable compensation to plaintiff's counsel for his representation of plaintiff in this case, and counsel is entitled to the fees as set forth in the Retainer Agreement (Dkt. 16-1). Upon receipt of the fee award under section 406(b), plaintiff's counsel must return to plaintiff the amount of the fees previously received under the EAJA. *See Williams v. Kijakazi*, No. 22-CV-7769, 2025 WL 2482318, at *7 (E.D.N.Y. Aug. 28, 2025); *Martinez*, 2025 WL 2300110, at *3.

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that the District Court

grant plaintiff's motion for attorneys' fees under 42 U.S.C. § 406(b) in the amount of

**$27,011.25**.  Further, upon receipt of this award from the government, plaintiff's counsel shall

promptly refund to plaintiff fees in the amount of **$6,868.25** that plaintiff's counsel previously

received under the EAJA.

      A copy of this Report and Recommendation is being electronically served on counsel.

Any objections to the recommendations made in this Report must be filed with the Honorable

Nina R. Morrison within 14 days after the filing of this Report and Recommendation and, in any

event, on or before October 29, 2025.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

Failure to file timely objections may waive the right to appeal the District Court's order.  *See* 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892

F.2d 15, 16 (2d Cir. 1989) (per curiam) (discussing waiver under the former ten-day limit).

      **SO ORDERED**

Dated: Brooklyn, New York
      October 15, 2025

                        s/ James R. Cho
                        James R. Cho
                        United States Magistrate Judge